Daniel Koleda
vs. } Eq. No. 11377.
Jacob W. Brenner

July 7, 1932.

SUMNER, J. In 1929 complainant signed a paper purporting to appoint respondent trustee of a certain sum of money. The complainant was to receive the interest of the trust fund during his life and upon his death the principal was to be paid over to his son Vasil, who lives in Russia. The paper, by its terms, constitutes a so-called irrevocable trust.

Complainant has now brought suit asking that the trust be set aside on the ground that he signed the paper without being acquainted with the legal effect of it.

The bill was heard on its merits and at the conclusion of the hearing respondent moved that the bill be dis-

missed because the complainant had not made his son Vasil a party to the bill.

In briefs filed by the attorneys many authorities are cited on the question as to what is a necessary party and whether under certain circumstances the necessary party may be omitted, as, for instance, in a case like this, where the party is in Russia, outside or the jurisdiction of the court, and difficult of access.

The Court believes that the son Vasil is a necessary party to the bill and that the fact of his residence in Russia is not an insuperable difficulty. Sec. 4633 of the General Laws of Rhode Island provides for special service upon non-residents. In a case of this kind an attempt should be made to communicate with the son, and if that is impossible the Court may order service by advertisement. In any event, a guardian ad litem must be appointed for Vasil as he is a minor.

It appeared in the testimony that the respondent has invested the trust funds in a corporation running a summer hotel in New Hampshire. The stock in the corporation is almost entirely owned by the respondent and members of his family. It seems to the Court that this investment was an improper one and would probably justify the removal of the trustee.

Under the rule in such cases, the complainant is allowed to amend his bill so as to make Vasil Koleda a party and include an alternative petition, in the event that the trust is allowed to stand, that the trustee be removed and the funds be reclaimed.

The motion to dismiss is denied and the cause may stand over with liberty to the complainant to amend his bill as suggested by the Court.

For complainant: Harry J. Smith.

For respondent: Samuel H. Brenner.